WALTER I. RUSSELL, Appellant, *v.* SOCIETE ANONYME DES ETABLISSEMENTS AEROXON, Defendant, and FRIEDRICH KAISER, Respondent.

(Submitted June 5, 1935; decided July 11, 1935.)

*William W. Pellet* for appellant. The Statute of Frauds of the State of New York does not apply to plaintiff's contract. (*Deutsch* v. *Textile Waste Mfg. Co.*, 212 App. Div. 681; *Wilson* v. *Lewiston Mill Co.*, 150 N. Y. 314; *Goldstein* v. *Scott*, 76 App. Div. 78; *Franklin Sugar Refining Co.* v. *Lipowicz*, 247 N. Y. 465; *Union Nat. Bank* v. *Chapman*, 169 N. Y. 538; *Fish* v. *D., L. & W. R. R. Co.*, 211 N. Y. 374.) The contract is not invalid under the common law of the State of New York. (*Crane* v. *Powell*, 139 N. Y. 379.) The written contracts are complete. (*Sanders* v. *Pottlitzer Bros. Fruit Co.*, 144 N. Y. 209; *Deutsch* v. *Textile Waste Mfg. Co.*, 212 App. Div. 681.)

*Fritz v. Briesen* for respondent. The alleged contract purporting to provide for the sale of personal property of the value of more than fifty dollars over a period of five years is void and unenforceable, because the letter is not pleaded as a note or memorandum, and is not a sufficient note or memorandum to satisfy the Statute of Frauds. (Personal Property Law; Cons. Laws, ch. 41, §§ 31, 85; *Richardson* v. *Gregory*, 219 App. Div. 211; 245 N. Y. 540; *Richardson Press* v. *Vandergrift*, 165 App. Div. 180; *Craig* v. *Wells*, 11 N. Y. 315; *Brown*

v. *N. Y. C. R. R. Co.*, 44 N. Y. 79; *Franke* v. *Hewitt,* 56 App. Div. 497; *Savage* v. *Weigel,* 128 Misc. Rep. 618; *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *Schaefer* v. *Alvarez,* 249 N. Y. 117; *Ansorge* v. *Kane,* 244 N. Y. 395.) The Statute of Frauds of the State of New York is applicable to the alleged contract. (*Dung* v. *Parker,* 52 N. Y. 494; *Crane* v. *Powell,* 139 N. Y. 379; *Matthews* v. *Matthews,* 154 N. Y. 288; *Reilly* v. *Steinhart,* 217 N. Y. 549; *Straesser-Arnold Co.* v. *Franklin Sugar Refining Co.*, 8 Fed. Rep. [2d] 601; *Daniels* v. *Rogers,* 108 App. Div. 338; *Duncan* v. *Wohl, South & Co.*, 201 App. Div. 737; *Dearing* v. *McKinnon Dash & Hardware Co.*, 165 N. Y. 78; *Taylor Co.* v. *Fansteel,* 234 App. Div. 548; 261 N. Y. 514; *Dow* v. *Way,* 64 Barb. 255; *Crawford* v. *Morrell,* 8 Johns. 253.) Plaintiff failed to plead the Belgian law. (*Beers* v. *Hotchkiss,* 256 N. Y. 41; *Cahill Iron Works* v. *Pemberton,* 30 Abb. Pr. [N. C.] 450; *Crashley* v. *Press Pub. Co.*, 179 N. Y. 27; *Savage* v. *O'Neil,* 44 N. Y. 298; *Smith* v. *Compania,* 127 Misc. Rep. 508; 220 App. Div. 782; *Cuba R. R. Co.* v. *Crosby,* 222 U. S. 473; *Seamans.* v. *Barentsen,* 180 N. Y. 333.)

CRANE, Ch. J. The Appellate Division reversing the Special Term has granted the motion of the defendant to dismiss the amended complaint upon the pleadings. An analysis of the complaint is necessary for the consideration of the question presented.

The plaintiff is an individual doing business as the Russell Sales Company. The Societe Anonyme des Etablissements Aeroxon is a foreign corporation organized and existing under the laws of Belgium. Friedrich Kaiser is an individual defendant whose residence or place of business is not stated.

The complaint alleges that on the 24th day of July, 1931, the plaintiff and the defendants entered into an agreement in writing wherein the defendants granted to the plaintiff the sole selling rights for Aeroxon fly catchers

for certain specified States within the United States for the term ending the 31st day of August, 1933, and agreed to sell and ship to the plaintiff said fly catchers as ordered by him at a price to be determined. The plaintiff then states that on or about the 24th day of July, 1931, the defendants entered into an agreement "whereby the term of said contract was extended for five years beginning September 1, 1933." This extension agreement is not alleged to have been in writing. Allegations then follow setting forth an anticipatory breach of this extension agreement to the plaintiff's damage in the sum of $300,000 for which judgment is asked. The action as it comes to this court relates solely to the individual defendant, Friedrich Kaiser, as the corporate defendant has not been served and has not appeared in the action.

The bill of particulars served by the plaintiff, supplementing his complaint, shows that neither the corporate defendant nor Friedrich Kaiser, as an individual, made any agreement in writing for an extension as alleged and that if Kaiser made such a contract it was oral. As the individual defendant, the only one appearing and answering, has pleaded the Statute of Frauds, the question presented and argued is whether, it appearing that the plaintiff seeks to hold this defendant upon an oral contract not to be performed within a year and for the sale of goods over $50 in value, the plaintiff can recover. That such is the narrow question presented is more fully explained by the following statement of the facts appearing in the bill of particulars, where the previous written contracts are set forth and the nature of the extension given.

The plaintiff had a contract in writing with the Societe Anonyme des Etablissements Aeroxon to take effect on the first day of September, 1925, and to run for one year, ending on the 31st day of August, 1926, apparently made in Brussels. It was signed in its corporate name by its vice-president, Friedrich Kaiser.

On September 6, 1927, Friedrich Kaiser in behalf of the said corporation wrote a letter, stating that the contract would be extended for five years beginning September 1, 1928, which was followed by letter from the corporation, dated the same day, stating:

" Our present contract from February 20th, 1925, we agree to extend for five years beginning September 1st, 1928. * * *

" SOC. AN. DES ETABLISSEMENTS AEROXON

"*Le Vice-Président,*

" FRIEDRICH KAISER."

This would make the expiration period, September 1, 1933.

On July 24, 1931, the corporation, by its vice-president, wrote a letter to the Russell Sales Company, the plaintiff, stating:

" We intend to renew your contract for five years on or about March 15th, 1932, to begin September 1st, 1933. * * *

" SOC. AN. DES ETABLISSEMENTS AEROXON

"*Le Vice-Président,*

" FRIEDRICH KAISER.

" WALTER I. RUSSELL,

" MAX STENGLIN."

This is all the written correspondence or alleged contract relating to a continuance or extension of the sales agreement upon which the plaintiff has brought this action. At once, we note that if there be any written contract it was made solely by the corporate defendant and not by Friedrich Kaiser. He never bound himself individually; he signed solely for the corporation as vice-president and in the name of the corporation. The plaintiff has no written contract, therefore, with Friedrich Kaiser, and it is with this defendant we are solely interested on this appeal.

This letter dated July 24, 1931, is Exhibit " E," annexed to the bill of particulars. As to it the plaintiff says:

" *Second.* The agreement referred to in the 5th paragraph of the amended complaint was partly oral and partly in writing. A copy of the written portion is hereto attached and marked ' Exhibit E.' The oral part of the agreement was entered into on or about the 24th day of July, 1931, by Frederick Kaiser individually and as Vice-President of the Societe Anonyme des Etablissements Aeroxon. The substance of the oral part of the agreement was that the plaintiff and the defendants agreed to extend the contract then in existence between them for five (5) years from the 1st day of September, 1933, under all the terms and conditions contained in the contract then in existence between them."

This Exhibit " E " and the alleged oral contract constitute the agreement sued upon as alleged in the complaint, for in paragraph fifth we read:

" *Fifth.* That thereafter and on or about the 24th day of July, 1931, plaintiff and defendants entered into an agreement wherein and whereby the term of said contract was extended for five years beginning September 1st, 1933."

It is for the anticipatory breach of this extension contract that the action is brought as the plaintiff further alleges in the complaint that the breach occurred when the defendants refused to sell any more fly catchers after August 31, 1933.

With this explanation of the complaint, as supplemented by the bill of particulars, we understand the justification for the statement above made that if the letter of July 24, 1931, be an extension in writing, which is very doubtful, it is the contract of the corporation and not that of Friedrich Kaiser, individually, and that the plaintiff seeks to maintain this action against Kaiser on an alleged oral contract. To state the question again,

it is whether such an action can be maintained when it thus appears that the oral contract was not to be performed within one year or was for the sale of goods more than $50 in value.

Nowhere in this complaint or the bill of particulars is it stated where this oral contract with Kaiser was made. Was it in New York or in Belgium? We may possibly infer that it was made in Belgium. It is equally possible to assume that Kaiser was in this country and that the oral contract was made with him here. Whatever we may imagine or presume, the fact is that the complaint merely alleges in substance that the plaintiff made an oral contract on or about the 24th day of July, 1931, with Friedrich Kaiser to sell fly catchers to the plaintiff for a period of five years from the 1st day of September, 1933. To this complaint the defendant has answered, setting up the Statute of Frauds.

The Personal Property Law (Cons. Laws, ch. 41), section 31, reads:

" Agreements required to be in writing. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

" 1. By its terms is not to be performed within one year from the making thereof   *   *   * "

And section 85 reads as follows:

" Statute of Frauds. 1. A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

We think this defense was good and that this statute of our State applies to this oral contract as alleged by the plaintiff.

We might stop here in disposing of this case as from the allegations or lack of allegations in the complaint we may assume that the contract was made in New York. Were we justified, however, in presuming that the oral contract was made by the plaintiff with the individual defendant in Belgium, then we think the plaintiff should have gone further and alleged that such oral contract was at least enforceable in Belgium. There has been much diversity of opinion in the books as to whether our courts would enforce a foreign oral contract violative of the Statute of Frauds even if good in the country where made. (1 Williston on the Law of Contracts, § 527, pp. 1016, 1017; 1 Williston on Sales [2d ed.], § 71-a, p. 117; Anson on the Law of Contract [5th Am. ed. Corbin], pp. 109–112; 47 Harvard Law Review, 315, 320; Goodrich on Conflict of Laws, § 88, p. 173.) In the American Law Institute's Restatement of the Law of the Conflict of Laws (Ch. 12, § 602) we have the law stated in this language:

" If the law of the forum forbids action unless certain forms have been employed, no action can be maintained on a foreign cause of action without satisfying such requirements of form. * * *."

" Comment:

" a. Statute of frauds. If the statute of frauds of the forum requires a written agreement as a condition of bringing action on a contract of a certain sort, no action can be maintained on a foreign oral agreement even if it complies with the law of the place of contracting. If the statute of frauds of the forum affects only the admissibility of certain evidence, the action may be maintained and the plaintiff may recover if he can establish his case by other admissible evidence."

Under the heading "Oral Evidence," section 598, the American Law Institute in this volume on Conflict of Laws has found this to be the existing law:

"Subject to the rule stated in § 599, the law of the forum determines whether a certain fact can be proved by oral evidence."

Most of the authorities arrive at their conclusion as to the law applicable, i. e., *lex loci* or *lex fori*, by first determining whether the statute is substantive or procedural and evidentiary. If it is substantive then the law of the place of contracting applies, and though the forum has its own Statute of Frauds, the latter would not be applicable. If it is procedural or evidentiary then the law of the forum applies though the contract was valid and enforceable where made. (See Prof. Lorenzen, 32 Yale Law Journal, 311, 338; 14 Cornell Law Quarterly, 102; 83 University of Penn. Law Rev. p. 584; 3 Beale on Conflict of Laws, p. 1618.) This author states: "If a provision of the statute goes to the form only, the statute of the forum should apply to all cases, even to cases where the contracts are valid where made. If the statute goes to the substance, the contract should be valid or void according to the law of the place of making; if valid it will be enforced if the statute of the forum does not forbid it; if void where made, it cannot be enforced anywhere."

2 Wharton on Conflict of Laws ([3d ed.] § 690-f, p. 1454) says: "It is apparent, from what has already been said, that the decisions upon the question whether a contract is governed, in respect to matters covered by the statute of frauds, by the law of the forum or by the substantive law of the contract, are in irreconcilable conflict." We refused to decide the question in *Reilly* v. *Steinhart* (217 N. Y. 549).

In this case before us we recognize the conflict simply for the purpose of saying that the complaint is insufficient whichever view we take of it. It appearing that the

contract was oral and there being no allegation where it was made, the law of New York applies, and under our Statute of Frauds cannot be enforced. That a motion to dismiss under such circumstances is proper where the defendant has pleaded the Statute of Frauds, see *Seamans* v. *Barentsen* (180 N. Y. 333), wherein we held: " Although it appears upon the face of the complaint that a contract sued upon is void under the Statute of Frauds, the objection need not be taken by demurrer, but is sufficiently raised by an answer expressly pleading the statute and by a motion for judgment on the pleadings at the opening of the trial."

On the other hand, if we assume that the contract was made in Belgium then the plaintiff should have gone further and pleaded that an oral contract was enforceable by the laws of Belgium. The plaintiff had to plead a good cause of action, an action enforceable here in our forum. This contract alleged in the complaint, if made if New York, was void and unenforceable if the Statute of Frauds be raised or pleaded. This the plaintiff knew. Therefore, if he sought to bring his cause of action within the substantive rule as being good according to *lex loci*, then he should have pleaded this fact. In the absence of such pleading it will be presumed that the law of the State of New York applies.

In 2 Wharton on Conflict of Laws ([3d ed.] § 781-f) the rule is stated that if for any reason a person desires to avail himself of the foreign law, and is unwilling to abide by the common law or the law of the forum, he must plead the foreign law.

When a contract would be void under the laws of this State, but is valid in the State where made, the plaintiff must allege where it was made and that it was there valid. (*Thatcher* v. *Morris*, 11 N. Y. 437.) To the same effect *Riendeau* v. *Vieu* (50 N. Y. St. Repr. 309; 66 Hun, 633); *Turnow* v. *Hochstadter* (7 Hun, 80). In *Harmon*

v. *Peats Co.* (243 N. Y. 473) the defendant had failed to plead the Statute of Frauds, which of course is essential to raise this objection to the pleading.

We, therefore, conclude that the motion of the defendant for judgment on the pleadings was properly granted.

The judgment should be affirmed, with costs.

O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., concurs in result.

Judgment affirmed.