In an action for a declaratory judgment and other relief, the infant plaintiff alleged in her complaint that her deceased father, the insured named in several life insurance policies, for a valuable consideration, had agreed with plaintiff’s mother to name plaintiff as beneficiary in such policies, and to make no change thereafter in such policies without the consent of plaintiff’s mother. She further alleged that her deceased father had failed to perform this agreement, but on the contrary had designated respondent as beneficiary in such policies. Plaintiff’s bill of particulars disclosed that the alleged agreement was oral and respondent moved for judgment on the pleadings dismissing the complaint, on the ground that the alleged contract was void under subdivision 1 of section 31 of the Personal Property Law, as an agreement which, by its terms, was not to be completed before the end of a lifetime. Order granting motion for judgment on the pleadings dismissing plaintiff’s complaint unanimously affirmed, with $10 costs and disbursements. The oral contract alleged in the complaint was void (Personal Property Law, § 31, subd. 1; Bayreuther v. Beinisch, 264 App. Div. 138, affd. 290 N. Y. 553), and since plaintiff failed to plead facts sufficient to avoid the effect of the statute, her complaint was fatally defective. (Bussell v. Societe Anonyme d. E. Aeroxon, 268 N. Y. 173.) The defense of the Statute of Frauds is available to respondent. Present — Lewis, P. J., Hagarty, Cars-well, Aldrich and Nolan, JJ. [See post, p. 931.]