Sanford J. Doctors, Plaintiff, *v.* Jacob Freidus et al., Defendants.

Supreme Court, Special Term, Queens County, September 15, 1949.

*Irving L. Weishar* for plaintiff.

*Joseph Krefetz* for defendants.

Hallinan, J. Motion, pursuant to rules 106 and 107 of the Rules of Civil Practice, for an order dismissing the complaint herein on the ground that the alleged contract sued upon is unenforcible under the Statute of Frauds. Insofar as relief is sought under rule 106 of the Rules of Civil Practice, it must be denied. (*Hoffman* v. *Mittleman*, 147 Misc. 442.)

The complaint alleges that the defendant Freidus as the owner, and the corporate defendant as auctioneer, offered certain real property for sale at a public auction and represented that the said sale would be absolute and unconditional; that plaintiff's bid of $26,000 was the highest offer made for one of the parcels and that he offered to deposit $2,600, 10% of the price bid; that defendants refused to accept his deposit and announced instead that they would accept bids for all the parcels as one unit; that defendants fraudulently obtained a sham bid on

the entire property from a nominee under their control, which bid they accepted; that the sham bid was never consummated and that defendants have advertised another " absolute " sale of the same parcels of property.

Defendants, in their moving papers, claim that the alleged sale was oral and that no note or memorandum thereof, as required by the Statute of Frauds (Real Property Law, § 259) was ever made by them or their agents. If this be so, the contract is unenforcible. (*Peters* v. *Day,* 125 Misc. 41; *Mentz* v. *Newwitter,* 122 N. Y. 491.) Plaintiff, however, in his opposing affidavit, states that the auctioneer read the terms of the sale, a description of the land to be sold and the name of the owner from a sheet before him; that after plaintiff bid $26,000, the auctioneer pointed to the plaintiff and said: " It's yours "; that the auctioneer then " made several notes on his auction sheet on which was contained a description and diagram of the plot of land in question, my (plaintiff's) name and address, the names of both defendants and the signature of the auctioneer and the amount for which I had bid in the property." This may well satisfy the Statute of Frauds. (*Tallman* v. *Franklin,* 14 N. Y. 584.)

There is thus presented a question of fact as to whether a written memorandum was made. This question can best be determined at the trial and accordingly the motion to dismiss the complaint under rule 107 of the Rules of Civil Practice is denied, without prejudice to defendants' right to plead the Statute of Frauds as an affirmative defense in their respective answers.

Settle order on notice.