Jambs B. McNally, J.
Plaintiff alleges nine separate causes of action for breach of contract, and demands damages totaling $2,100,000. Defendant now moves for summary judgment dismissing the first, third, fourth and fifth causes of action. Defendant also moves on the complaint alone for judgment dis *652 missing the third cause of action pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice.
These four causes of action all arise out of a written agreement between the parties, dated August 18, 1950, under which plaintiff was appointed defendant’s sole sales representative in Iran. The making of the agreement is not disputed. By its terms, paragraph 21, this agreement could be terminated by giving 90 days’ notice, and such notice dated May 29, 1951, was, in fact, given by defendant effective August 31, 1951.
The first cause of action seeks $130,000 damages for defendant’s refusal to accept and ship two orders which defendant received from plaintiff after the notice of termination had been given. The third cause of action seeks $500,000 damages for defendant’s anticipatory refusal to accept and ship all of the orders which plaintiff might have placed with defendant after the notice of termination and prior to the effective date of termination.
The questions raised by defendant’s attack upon the first and third causes of action are different from those raised by defendant’s attack on the fourth and fifth causes of action. The defendant’s attack on the first and third causes of action rests on the construction of the contract. If the construction claimed by the plaintiff is correct, plaintiff is entitled to summary judgment on his first and third causes of action, subject only to the assessment of damage. If defendant’s construction is correct, defendant is entitled to judgment dismissing the first and third causes of action.
On March 27, 1951, defendant congratulated plaintiff on the results which he had obtained during the first year of his agency, saying: “We wish to state at this time our appreciation for the splended way in which you established Lederle and Aureomycin in Iran during the year 1950. Starting, as you did, from scratch building the business up to its present volume was certainly a commendable feat.”
Defendant’s notice of termination, dated May 29,1951, states:
“We consider it advisable to terminate the agreement between us, dated August 18,1950, whereby you were appointed the sole sales representative in and for Iran for certain of the products of our Lederle Laboratories Division. Accordingly, we hereby notify you, in accordance with the provisions of paragraph 21 of said agreement, of our intention to terminate, and of the termination of, said agreement, such termination to be effective August 31, 1951.
“In view of the eventual termination of said agreement in accordance with the foregoing notice, we suggest that it would *653 be best for both of us for said agreement to be terminated now without waiting for the passing of the ninety (90) days period. We call your attention to paragraph 27 which provides that, having given notice of termination, we are not obliged to accept further orders from you. Accordingly, except for your pending orders, it will be meaningless to keep said agreement in effect for the ninety day period.”
When defendant protested, and inquired about the status of his outstanding orders, including the two dated May 15 and 17, 1951 which defendant received on June 4, 1951, defendant replied: “we are exercising our prerogative per the paragraph in our Agreement of not accepting any orders received from you after issuing notice of termination the effective date being when this notice of termination is deposited in the mails. This date was June 1st, 1951.”
The termination of plaintiff’s agency was apparently prompted by defendant’s intention to appoint a new agent. Thus, in a letter, dated July 20, 1951, Mr. Roche wrote to plaintiff:
“ Dear Dr. Bakhshandeh,
# # #
‘ ‘ Please realize that our notice of termination under part 21, not 22, casted no reflection on your organization. From an overall picture, it was felt a new distributing concern would be desirable. You also understand that you had the same prerogative to cancel by similar Notice of Termination should you have wanted to relinquish the Lederle distribution for any reason.”
The defendant’s position is, therefore, that the notice of its intention to terminate the contract on August 31, 1951, secured to it the absolute right to reject all orders received from plaintiff after May 29, 1951. Plaintiff’s position is that the defendant’s right to terminate the contract as of August 31, 1951 did not carry with it the right to refuse arbitrarily to accept plaintiff’s order submitted prior to the effective date of the termination.
The five material paragraphs of the contract are:
“4. All orders placed by Representative solely for his own account and all orders taken by Representative for direct importation by customers shall be subject to acceptance by Lederle at its place of business specified above and shall be subject to Ahe following additional terms and conditions:
• * •
‘ ‘ 21. This Agreement and all of its terms and conditions shall remain in full force and effect until terminated as hereinafter *654 provided. Either party hereto may terminate this Agreement at any time by giving to the other at least ninety (90) days’ notice of his or its intention so to do.
“ 22. Notwithstanding the provisions of paragraph 21, hereof, Lederle shall have the right to cancel and terminate this Agreement at any time by notice to Representative specifying the effective date of termination in the event that Representative has failed faithfully to observe and carry out any of the provisions of the Agreement or has conducted himself or his business in a manner deemed by Lederle to be detrimental to the interests of Lederle. * # #
‘ ‘ 23. Upon the termination of this Agreement, Lederle shall have the option, exercisable by notice to Representative given at any time within twenty (20) days after the effective date of such termination, of taking over the entire stock of Lederle Products owned by Representative on the effective date of such termination and shall pay Representative therefor in United States funds the landed cost of such stock, f.o.b. Representative’s warehouse in Teheran, Iran.
* . * #
‘1 27. Lederle shall not be obligated to accept any order, either for his own or a customer’s account, placed by Representative hereunder after notice of termination of this Agreement has been given as hereinabove provided.
‘ ‘ 28. Termination of this Agreement for any reason shall not relieve any party from:

u * * *

“ (2) his or its obligation in respect of all orders placed and accepted hereunder prior to the effective date of such termination.”
Paragraph “ 21 ” permits either party to terminate the contract without cause by giving the other party at least 90 days’ written notice of his or its intention so to do and provides that, until terminated, the contract shall remain in full force and effect as to all of its terms and conditions.
To interpret paragraph “ 27 ”, as defendant does, to relieve defendant of all obligation with respect to orders placed after notice and before the effective date of termination is to override the clear provision in paragraph “ 21 ” that the contract remains in full force and effect in all of its terms and conditions until terminated, and, the equally clear provision in paragraph “28” that neither party is relieved of his or its obligations with respect to orders placed and accepted prior to the effective date of termination; it permits defendant to effectuate a *655 unilateral termination of the contract without cause and without notice by simply announcing to plaintiff an accomplished fact and thereby makes redundant paragraph “ 22 ’ which provides for immediate termination for cause by defendant. Defendant’s construction, in fact, destroys the mutuality of obligation which is the basis for any binding agreement, for, as defendant construes paragraph “ 27 ”, defendant was never under any obligation to accept any order, for it could have given, on the day that the contract was signed, notice of its intention to terminate in 90 days. (Jay Dreher Corp. v. Delco Appliance Corp., 93 F. 2d 275, 277; du Pont de Nemours & Co. v. Claiborne-Reno Co., 64 F. 2d 224, 232.)
The interpretation contended for by the defendant places entirely too much stress upon the word “ obligated ” in the provision in paragraph “ 27 ” of the agreement that “ Lederle shall not be obligated to accept any order * * * after notice of termination”. In isolation, “ not to be obligated” may mean to be free of any requirement, duty or compulsion, regardless of degree. In context, however, it may have many meanings, and under the circumstances of the execution of this contract as viewed by this court, the interpretation thereon placed by the defendant is too confining and restrictive, contrary to the intent of the parties and destructive of their purpose to formulate a mutually binding and beneficial arrangement. (Atwater & Co. v. Panama R. R. Co., 246 N. Y. 519, 524.)
Paragraph “ 4 ” of the agreement subjects all orders to acceptance by the defendant. “ Acceptance ” under the circumstances here present, imports the requirement to exercise honest business judgment, which excludes a judgment stemming from a desire to exclude the plaintiff as agent. (Jay Dreher Corp. v. Delco Appliance Corp., supra, p. 278; Friede v. White Co., 244 F. 272, 274.) Paragraph “21 ” provides for the right to terminate by either party on 90 days’ notice; paragraph “ 22 ” provides for the defendant’s right to terminate for cause without advance notice. Paragraph “ 27 ”, insofar as it relates to defendant’s obligation to accept any order after termination, is applicable to situations which may arise under both paragraphs “ 21 ” and “ 22 ”. Conceivably in an appropriate situation, the defendant might have exercised its right to terminate immediately for cause. In such a case, the termination might relieve the defendant of any obligation to accept subsequent orders from the plaintiff. Where, as here, the termination date was 90 days after notice, by reason of the exercise of the defendant’s right to terminate without cause under paragraph “ 21 ”, *656 the parties intended to continue the agreement “ in full force and effect until terminated ” as is expressly stated in the very paragraph under which defendant elected to terminate. To suggest that the agreement was in “full force and effect ” despite the fact that the defendant was under no requirement to accept any order tendered by the plaintiff during the 90-day period, as is contended by the defendant, is absurd. The defendant’s contention renders the provision for termination for cause contained in paragraph “22” meaningless, for the right to terminate without cause under paragraph “ 21 ” is thereby rendered as effective, as to its practical effect, as if exercised under “ 22 ”, and is unincumbered by the necessity to justify which might arise under the latter paragraph. An interpretation which renders meaningless a very important provision of a written agreement is to be avoided (Jay Dreher Corp. v. Delco Appliance Corp., 93 F. 2d 275, 277, supra). Contrariwise, a contract is to be interpreted so as to give meaning to every pertinent provision (du Pont de Nemours & Co. v. Claiborne-Reno Co., 64 F. 2d 224, 228, supra).
As has been indicated heretofore, the defendant was required to exercise honest business judgment in respect of the acceptance of orders. (Jay Dreher Corp. v. Delco Appliance Corp., supra, p. 278; Friede v. White Co., 244 F. 272, 274, supra; Taylor v. Morgan’s Sons Co., 124 N. Y. 184; Jacquin v. Boutard, 89 Hun 437, affd. 157 N. Y. 686.) The cause for termination of the agreement was obviously a very material factor and a proper consideration in the business judgment to be applied in the determination to accept or reject orders. In respect of a termination for cause, close scrutiny of subsequent orders might be indicated whereas a more relaxed attitude might be consequent on a termination without cause. In any event an honest business judgment was the criterion, and to preserve the right to evaluate orders received by the defendant in such light it was proper to emphasize the absence of any absolute obligation on the part of the defendant to accept orders, although consequent on a termination without cause. It was not the intention, however, to render the 90-day period intervening notice of termination and termination sterile for all practical purposes. Paragraph “27”, therefore, was intended to exclude the absolute obligation to accept orders arising during that period and to preserve the defendant’s right to exercise an appropriate business judgment in regard thereto. So interpreted the said provision is consistent with the intent to create a mutually binding business arrangement during the entire period of its operation, as manifested by a consideration of the entire contract.
*657 Having elected to reject orders without cause, the defendant may not now justify the rejection on other grounds. (Chevrolet Motor Co. v. Gladding, 42 F. 2d 440, 445.) Thereby, in addition, the defendant’s conduct constituted anticipatory breach of the contract for the period between the rejection of the orders and the termination date fixed by the defendant. Accordingly the defendant’s motion addressed to the first and third causes of action is denied, and summary judgment is granted thereon to the plaintiff, subject to an assessment of damages.
The defendant’s motion addressed to the fourth and fifth causes of action rests upon the absence of a writing satisfying the requirements of section 33-c of the Personal Property Law. Conceivably such a writing may be in the defendant’s possession and control and might be adequate, although undelivered. (Transit Advertisers v. New York, New Haven & Hartford R. R. Co., 194 F. 2d 907, 910.) An examination before trial is pending which plaintiff alleges may result in the discovery of the evidence required by section 33-c. Under the circumstances the defendant’s motion addressed to the fourth and fifth causes of action is denied. (See Dube v. Cromwell Drug Co., 284 App. Div. 1040.)