Noorollah Bakhshandeh, Respondent, *v.* American Cyanamid Company, Appellant.

First Department, October 25, 1955.

*James V. Hayes* of counsel (*Burr F. Coleman* with him on the brief; *Donovan, Leisure, Newton & Irvine*, attorneys), for appellant.

*Samuel M. Lane* of counsel (*Casey, Lane & Mittendorf*, attorneys), for respondent.

*Per Curiam.* The defendant moved for summary judgment dismissing, among others, the first and third causes of action of the complaint. The motion was denied and the answer of the defendant as to the two causes of action was stricken and judgment granted thereon to the plaintiff for an amount to be determined upon an assessment of damages.

In August, 1950, the parties entered into a written agreement by the terms of which plaintiff was appointed the sole sales representative of defendant in Iran for pharmaceutical products manufactured by defendant. The contract was a formal document consisting of some thirty-one numbered paragraphs.

The present controversy centers about the rights of the parties in the event of a termination of the contract. In brief summary, it was provided that all orders placed by plaintiff were subject to acceptance by defendant and that the agreement should remain in effect until terminated. It was specifically provided that either party might terminate the agreement upon giving to the other at least ninety days' notice of such intention. A further provision gave defendant the right to terminate by notice to plaintiff specifying the effective date of termination upon the happening of certain events with which we are not here concerned.

On May 29, 1951, the defendant by written communication exercised its peremptory right to terminate the contract. The notice was contained in letters mailed on that date by both ordinary and registered mail to the defendant in Iran. It was stated therein that such termination was effective on August 31, 1951. Prior to the mailing of this letter and on May 15, 1951, and May 17, 1951, respectively, the plaintiff had sent to defendant by mail two orders for certain pharmaceutical products. These orders, however, were not received by the defendant until June 4, 1951, some six days after the notice of termination had been mailed. The defendant refused to accept or fill these two orders. The first cause of action seeks to recover damages for alleged breach of the contract because of the nonfulfillment of the orders.

The third cause of action seeks to recover damages alleged to have been sustained because of defendant's refusal to accept and ship all other orders which plaintiff might otherwise have placed with defendant between May 30, 1951, and August 31, 1951.

We turn to the further provisions of the agreement relating to the obligations of the parties in the event of a termination of the contract. Paragraph 27 provides in substance that defendant shall not be obligated to accept any order placed by the plaintiff " after notice of termination of this Agreement has been given as hereinabove provided." The following paragraph states in part that " [t]ermination of this Agreement for any reason shall not relieve either party from: * * * (2) his or its obligations in respect of all orders placed and accepted hereunder prior to the effective date of such termination."

It seems plain that the parties agreed upon two forms of terminating the contract. The defendant might terminate upon the happening of certain causes as set forth in paragraph 22. The defendant under this provision was given the right to specify the effective termination date. On the other hand, either party under paragraph 21 might terminate the agreement without cause at any time by giving to the other ninety days' notice of such intention. In the event that the defendant exercised such right, then, under the provisions of paragraph 27, the defendant was not obligated to accept any order after notice of termination had been given. It is true that paragraph 28 required defendant to fill any orders placed and accepted prior to the effective date of termination, but to construe the contract that thereby the defendant was required to accept all orders during the period from May 30 to August 31, 1951, would nullify

the plain provision that after notice of termination defendant was not obligated to accept any order after May 30th.

We conclude that defendant's motion for summary judgment should have been granted to the extent of dismissing the first and third causes of action of the complaint. The order appealed from insofar as it granted summary judgment to plaintiff on the first and third causes of action of the complaint and denied defendant's motion for summary judgment dismissing those causes of action should be reversed, with $20 costs and disbursements, and defendant's motion to dismiss the first and third causes of action should be granted. Settle order.

PECK, P. J., BASTOW, BOTEIN and RABIN, JJ., concur.

Order, insofar as it granted summary judgment to plaintiff on the first and third causes of action of the complaint and denied defendant's motion for summary judgment dismissing the first and third causes of action, unanimously reversed, with $20 costs and disbursements to the appellant, and defendant's motion to dismiss the first and third causes of action granted. Settle order on notice. [See *post*, p. 1090.]