Howard T. Hogan, J.
Motion for judgment on the pleadings, on the ground that the cause of action alleged in the complaint is barred by the Statute of Frauds (Personal Property Law, § 31).
Briefly stated, the complaint alleges: (1) that a “ General Agent’s Agreement ” was entered in 1939 by the parties wherein the plaintiff, a licensed insurance agent in New York State was appointed the defendant’s general agent for New York City, Long Island and Westchester County; (2) that the agreement prepared and proposed by the defendant did not provide for the vesting of collection fees in the plaintiff but rather for their discontinuance upon the termination of the agreement; (3) that the plaintiff refused to accept the appointment until the defendant by its vice-president promised that the terms of the agreement would be modified to provide for a continuance of the plaintiff’s right to collect fees after the termination of the agreement on policies of insurance obtained during the agency period; (4) that the defendant, by the same vice-president, promised to file the modification in the official records of the defendant corporation at Philadelphia, Pa.; (5) that in reliance upon the promise to file the modification, the plaintiff signed the prepared General Agent’s Agreement in 1939; (6) that on March 1, 1954 the agency agreement was terminated by the defendant; (7) that on or about April 6, 1954 the defendant denied the making and filing of any modification agreement; (8) that “ in the event that the special agreement ” (modification) was not recorded as represented, the representations were (a) false, (b) made with intent to defraud the plaintiff; (9) that the plaintiff would not have entered the agency agreement were it not for the modification promise; and (10) that the plaintiff is owed $6,456.55 as collection fees on premiums received by the defendant since March 1,1954 on business obtained by the plaintiff. The plaintiff prays for a reformation of the contract to express the true agreement respecting collection fees and for judgment in the aforesaid sum, with interest.
The defendant, in its answer, in addition to denying that any promise was made to modify or to file a modification of the agreements entered in 1939, pleads (1) that there were several amendments in 1939 and 1940 to the executed agreement of March 15,1939; (2) that a new General Agent’s Agreement was drawn on September 2, 1941 (with amendments thereto in 1942, 1944, 1946) which replaced the agreement of March 15, 1939; and (3) that the alleged special agreement relating to the vesting of collection fees was not in writing as required by section 31 of the Personal Property Law.
*218 Copies of the agreements of 1939 and 1941 with their numerous amendments are attached to the answer. Included in the moving papers also are the defendant’s demand for a bill of particulars and the bill served by the plaintiff pursuant to said demand.
It is the defendant’s position on this motion that the so-called modification agreement was oral and as that agreement could not be performed within one year, it was void under the aforesaid statute (Personal Property Law, § 31).
Considering the complaint, the documents attached thereto and the bill of particulars, it clearly appears that the alleged agreement of modification was oral, that no written memorandum was made of it, and that insofar as collection fees are concerned the agreement could not be performed within one year as such fees were not payable until a policy had existed for at least one year.
The theory of the complaint is that an oral agreement was made with the defendant’s vice-president, which the latter promised to record but failed to do so. The bill of particulars provides in part, under answer number 1, ‘ ‘ The aforesaid agreements and representations were oral, except insofar as a record thereof may have been made on the books of and records of the defendant corporation ”. It is appropriate to quote from an opinion by Mr. Justice Hecht (McCants v. Emerol Mfg. Co., 81 N. Y. S. 2d 770, 771) wherein he wrote: “ Plaintiffs fail to show the existence of any memorandum sufficient to satisfy the statute of frauds. Their mere statement that there is correspondence in the files of the defendant which they intend to examine and inspect before trial is insufficient to defeat this motion. It is. improbable that the files of the defendant contain memoranda or letters subscribed by defendant. It would seem that plaintiffs have no knowledge of any such memoranda, but are merely indulging in wishful expectations and are hoping to stave off the dismissal of their complaint by applying for an examination and inspection of the defendant’s files which would be in the nature of a fishing expedition. ’ ’
As there is no allegation in the complaint or the bill of particulars that a written memorandum of the agreement was made but rather to the contrary, the plaintiff’s request, in his memorandum that there be no summary disposition until an opportunity be afforded the plaintiff to possibly obtain evidence of a writing will be denied for the reasons contained in the quotation from Mr. Justice Hecht’s opinion.
The contention of the plaintiff that the oral agreement may have been made in the State of Pennsylvania and that as such *219 agreement would be valid there it should be respected here must also be rejected. The late Chief Judge Crane wrote in Russell v. Societe Anonyme Des Etablissements Aeroxon (268 N. Y. 173, 181-182): “ It appearing that the contract was oral and there being no allegation where it was made, the law of New York applies, and under our Statute of Frauds cannot be enforced. * * * On the other hand, if we assume that the contract was made in Belgium then the plaintiff should have gone further and pleaded that an oral contract was enforceable by the laws of Belgium. The plaintiff had to plead a good cause of action, an action enforceable here in our forum. This contract alleged in the complaint, if made in New York, was void and unenforceable if the Statute of Frauds be raised or pleaded. This the plaintiff knew. Therefore, if he sought to bring his cause o'f action within the substantive rule as being good according to lex loci, then he should have pleaded this fact. In the absence of such pleading it will be presumed that the law of the State of New York applies.”
In this case the plaintiff has not pleaded that the oral agreement was made in the State of Pennsylvania. Therefore, under the Russell case (supra) the New York Statute of Frauds is applicable.
Moreover, even assuming the complaint herein was amended to allege that the oral agreement was made in the State of Pennsylvania and assuming further that under the laws of said State such agreement was valid, it is doubtful under the recently decided case of Rubin v. Irving Trust Co. (305 N. Y. 288) that such an agreement could be enforced here. The question was discussed but not decided in the Bubin case, but Judge Desmond in a concurring opinion (p. 307) held that the: “ answer to that question should be ‘ no ’, and that we should declare the New York rule to be as set forth in the Restatement of Conflict of Laws (§ 602, comment a) as follows: ‘ If the statute of frauds of a forum requires a written agreement as a condition of bringing action on a contract of a certain sort, no action can be maintained on a foreign oral agreement even if it complies with the law of the place of contracting.’ That rule would derive, naturally and logically, from the settled New York rule that our Statute of Frauds is not substantive but procedural, that it makes oral agreements not void but unenforcible, and that it is, therefore, a rule of evidence for the New York courts (see Justice v. Lang, 42 N. Y. 493, 500, 501; Crane v. Powell, 139 N. Y. 379, 384).”
*220 Although the defendant does not urge this ground in support of its motion, the court may and will grant judgment on an additional ground, namely, that as the purported oral agreement of modification preceded the signing of the agency agreement attached to the complaint, and as the latter agreement contained a paragraph stating that ‘ ‘ the foregoing instrument constitutes and contains the whole Agreement between the parties ” the plaintiff would be barred by the parol evidence rule from introducing evidence of the earlier agreement. A similar situation existed in Sabo v. Delman (286 App. Div. 238). There, a written agreement contained no commitment for any investment or expenditure on defendant’s part in promoting the sale of a machine invented by the plaintiff but the plaintiff alleged that he was induced to enter the agreement wherein patent applications were assigned to the defendant and the latter was given the right to use the machine in his business by an oral representation of the defendant that ‘' it would finance the manufacture of the machine ”. The written agreement contained the provision that “ ' No verbal understanding or conditions, not herein specified, shall be binding on either party. ’ ” The court wrote (p. 241), “ Plaintiff may not, therefore, assert alleged undertakings and representations by defendant not incorporated in the agreements ”, and granted a motion for judgment on the pleadings.
Accordingly, the motion is granted.
Settle order on notice.