■ FREDERICK BRANDWEIN, Appellant, v. PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, Respondent.— In an action to reform a contract and amendments thereto, and for other relief, the appeal is from an order granting a motion pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings dismissing the complaint, and from the judgment entered thereon. Order and judgment affirmed, with $10 costs and disbursements. Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur. Kleinfeld, J., dissents and votes to reverse the order and judgment and to deny the motion, with the following memorandum: The complaint and bill of particulars allege that respondent, by its vice-president, authorized by the terms of the original agreement to modify it, represented, at various times, that a written modification of the original written agreement would be, and had been, "recorded and docketed in the books and records" of respondent and that appellant relied on the representations to his damage. The complaint thus alleges the existence of a writing upon which the cause of action is based. Appellant's inability to produce the writing is not a complete bar, since he has adequately explained such inability (cf. Webb & Knapp v. United Cigar-Whelan Stores Corp., 276 App. Div. 583). Since the pleadings present a question of fact as to the existence of the writing, the complaint was improperly dismissed (Doctors v. Freidus, 196 Misc. 523). In any event, a sufficient cause of action for fraud is pleaded in the complaint, based upon misrepresentation of intention (de Baillet-Latour v. de Baillet-Latour, 301 N. Y. 428; Adams v. Gillig, 199 N. Y. 314) upon which appellant relied in entering into the original agreement, and based also upon misrepresentations of fact on which appellant relied in refraining from exercising his right to terminate the original agreement, pursuant to its terms (Hanlon v. MacFadden Pub., 302 N. Y. 502). The parol evidence rule, relied upon at Special Term, is not a bar to the cause of action for fraud (American Ball Bearing Corp. v. Hewes & Penn Corp., 283 App. Div. 1068, motion for leave to appeal denied, 284 App. Div. 848; Ernst Iron Works v. Duralith Corp., 270 N. Y. 165); neither is the clause in the original agreement, also relied upon at Special Term, that the original agreement "constitutes and contains the whole Agreement" (Bridger v. Goldsmith, 143 N. Y. 424; Jackson v. State of New York, 210 App. Div. 115, affd. 241 N. Y. 563; Angerosa v. White Co., 248 App. Div. 425, affd. 275 N. Y. 524). [3 Misc 2d 216.]