George Tilzer, J.
A prior motion by the defendant for summary judgment was denied with the following opinion (Bakhshandeh v. American Cyanamid Co., 12 Misc 2d 651): “ The defendant’s motion addressed to the fourth and fifth causes of action rests upon the absence of a writing satisfying the requirements of section 33-c of the Personal Property Law. Conceivably such a writing may be in the defendant’s possession and control and might be adequate, although undelivered. (Transit Advertisers v. New York, New Haven & Hartford R. R. Co., 194 F. 2d 907, 910.) An examination before trial is pending which plaintiff alleges may result in the discovery of the evidence required by section 33-c. Under the circumstances the defendant’s motion addressed to the fourth and fifth causes of action is denied. (See Dube v. Cromwell Drug Co., 284 App. Div. 1040.) ”
Plaintiff was a sales agent of the defendant under a writing which permitted either party to terminate the agreement upon 90 days’ notice. It is claimed by the plaintiff that subsequently defendant agreed orally not to terminate the agreement before March 22, 1952, and that such oral agreement was made under circumstances rendering inapplicable the Statute of Frauds. Plaintiff has concluded the examination of the defendant before trial and the defendant now renews its motion for summary judgment. No writing satisfying the requirements of section *743 33-c of the Personal Property Law has been discovered or produced. Plaintiff insists, however, that a letter exists dated April 2, 1951, which makes reference to the oral arrangement relied on. While the cause and occasion for the dispatch of that letter to its claimed recipient still rests in mystery, it has not been categorically denied that such a letter ever existed. At the time of the claimed oral agreement, the parties had been operating under the original writing for a period of time during which it is claimed that plaintiff by its effort and expenditure of time and resources had advanced the interest of the defendant and it is further insisted that plaintiff’s efforts in that direction continue and did so continue as a result of the promise made as claimed. With this advancement of the defendant’s interests, plaintiff urges that defendant is estopped to deny the validity of the promissory undertaking not to cancel the agreement before March 22, 1952. In further reference to the crucial missing letter, it appears that the examination of the defendant conducted by the plaintiff was not altogether satisfactory. ■ Yet plaintiff elected to rest. It does not necessarily follow that in the absence of actual discovery or production of the missing letter the complaint must be dismissed or that its dismissal is required by the opinion rendered on the denial of the defendant’s prior motion.
Defendant relies on McCants v. Emerol Mfg. Co. (81 N. Y. S. 2d 770, 771) where the court stated: “Plaintiffs fail to show the existence of any memorandum sufficient to satisfy the Statute of Frauds. Their mere statement that there is correspondence in the files of the defendant which they intend to examine and inspect before trial is insufficient to defeat this motion. It is improbable that the files of the defendant contain memoranda or letters subscribed by defendant. It would seem that plaintiffs have no knowledge of any such memoranda, but are merely indulging in wishful expectations and are hoping to stave off the dismissal of their complaint by applying for an examination and inspection of the defendant’s files which would be in the nature of a fishing expedition.” The situation there set forth cannot be said to accurately describe the situation as it exists here. Rather it would appear that there is sufficient distinction in the situations and earnestness in plaintiff’s contentions to require further investigation. The defendant relies further on Webb & Knapp v. United Cigar-Whelan Stores Corp. (276 App. Div. 583, 584) where the court stated: “A sworn statement that a writing sufficient to satisfy the Statute of Frauds exists, is not enough to defeat a motion to dismiss under subdivision 8 of rule 107 of the Rules of Civil Practice. It is *744 incumbent upon the party opposing such a motion to produce the writing or explain the failure so to do. Plaintiffs in this case failed in that respect and as a consequence the motion to dismiss was properly granted.” Here too it cannot be said that there has been such total failure to explain the absence of the writing as to require the dismissal of the complaint.
The possibility of the application of the doctrine of promissory estoppel is not to be disregarded in relation to the claimed oral agreement and in the light of the allegations of paragraph 39 of the complaint which find ample support in the affidavits. It is to be noted in addition that during the time as claimed when defendant was engaged with plaintiff in continuing negotiations and discussions, prior to the time when as claimed the oral agreement was made, the defendant was then negotiating with the person who displaced the plaintiff as its successor. In this view the question whether section 33-c of the Personal Property Law is applicable to this situation is properly raised. It may be noted too that McCants v. Emerol Mfg. Co. (supra) relied on by the defendant, was cited with approval in Brandwein v. Provident Mutual Life Ins. Co. of Phila. (3 Misc 2d 216, 218). That case reached the Court of Appeals. (3 N Y 2d 491.) There the Court of Appeals stated (p. 496): “ Here, as always when we pass on the sufficiency of a pleading, we assume that the facts are as pleaded. If this plaintiff can establish his averments to the satisfaction of a trial court he will bring himself within an ancient doctrine of equity according to which and despite the Statute of Frauds or any other exclusionary rule ‘ an oral collateral promise ’ may be 1 so tainted with fraud that the promissor is held ’ ”. While a collateral promise is not here involved, but rather as defendant claims the oral modification of a written agreement, yet the situation presented invoking the question whether the Statute of Frauds is applicable renders the case subject to that doctrine.
For the reasons indicated, the motion is denied.