NOOROLLAH BAKHSHANDEH, Respondent, v. AMERICAN CYANAMID COMPANY, Appellant.

First Department, May 12, 1959.

36

*Samuel M. Lane* of counsel (*Arthur S. Olick* with him on the brief; *Casey, Lane & Mittendorf,* attorneys), for respondent.

*James V. Hayes* of counsel (*Theodore S. Hope* and *Burr F. Coleman* with him on the brief; *Donovan Leisure Newton & Irvine,* attorneys), for appellant.

RABIN, J. Defendant American Cyanamid Company appeals from an order denying its motion for summary judgment dismissing the fourth and fifth causes of action of the complaint. The remaining causes of action are not involved on this appeal.

The action arises out of a written contract dated August 18, 1950 whereby plaintiff was appointed an exclusive sales agent in Iran for the drug and pharmaceutical products manufactured by defendant's Lederle Laboratories Division. It was provided that either party could terminate the contract upon 90 days' notice and also that the agreement could not be modified orally. By notice dated May 29, 1951 defendant terminated the agency, effective as of August 31, 1951.

Plaintiff contends that the termination as of August 31, 1951 was ineffective because of an agreement allegedly made earlier in 1951 whereby defendant agreed that it would not exercise its right to terminate the contract prior to March 22, 1952. The fourth and fifth causes of action demand damages based upon defendant's refusal to continue the agency until that time.

Defendant denies that there was any such agreement but contends that in any event the alleged agreement to change the termination clause would be invalid because it was not in writing.

Since the initial written agreement provided that it might not be changed orally we think it was incumbent upon plaintiff in order to defeat summary judgment, to establish, or at the very least to show the possibility of establishing, the existence of a writing sufficient to meet the requirements of subdivision 1 of section 33-c of the Personal Property Law. Plaintiff asserts that there are writings of such a nature but that he has been unable to locate them. The writings are claimed to consist of (1) a sheet of paper on which defendant's representative Roche set forth the terms of the agreement, and (2) two letters which were written by defendant to one of its Middle East representatives, in which reference was made to the agreement.

An examination conducted by plaintiff has failed to produce these papers, but even assuming that plaintiff could establish their existence by secondary evidence, they still would lack the requirements of subdivision 1 of section 33-c, for that section provides that a contract may not be changed by oral agreement " unless such * * * agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent." Thus the statute would seem to contemplate a signed writing in the nature of an agreement to alter the original contract. This requirement certainly would not be met by the writing claimed to have been made by Roche, which at best was an unsigned memorandum of the terms of a discussion indicating an intention to change the original agreement. In other words, the statute is not satisfied by a written memorandum of an oral agreement. It specifically calls for a written agreement. Nor would the two letters allegedly referring to the agreement supply the writing demanded by the statute, for it is clear that those letters could not constitute an agreement. Moreover, it is highly speculative as to what the letters contained and to what they referred.

Plaintiff contends, additionally, that subdivision 1 of section 33-c is inapplicable because the alleged agreement constituted a new and separate contract based upon mutual promises with adequate consideration. We must reject this contention, for, viewing the matter realistically, it is quite obvious that plaintiff is merely attempting to change " orally " the written agreement by altering the 90-day termination privilege. But assuming, as claimed, that a new agreement was substituted in place of the

old one, that too would have to be in writing in view of subdivision 2 of section 33-c of the Personal Property Law.

Plaintiff also urges, in any event, that in view of his performance, or part performance, of what he claims to have been new consideration for the extension of the termination date, the statute is inapplicable. However we have held that part performance, in order to avoid the statute, must be "unequivocally referable" to the oral agreement sought to be enforced (*Bright Radio Labs.* v. *Coastal Commercial Corp.*, 4 A D 2d 491, 494, affd. 4 N Y 2d 1021). That element is here absent because what plaintiff claims to have done under the oral agreement could very well have been done in his own self-interest in the performance of the original contract.

Likewise must we reject plaintiff's argument that a prior decision of the Special Term denying summary judgment on the fourth and fifth causes of action is controlling. That decision (12 Misc 2d 651, 657, revd. in part 286 App. Div. 511, affd. 1 N Y 2d 744) held that plaintiff should have the opportunity of an examination before trial which "may result in the discovery of the evidence required by section 33-c." As indicated plaintiff has conducted such an examination but has failed to discover any writing sufficient to meet the requirements of the statute. However, giving plaintiff the benefit of everything he seeks to prove (thus eliminating any issue to be tried with respect to the fourth and fifth causes of action) it is clear that those causes of action cannot stand and accordingly summary judgment should be granted dismissing them.

Order denying summary judgment reversed, on the law, and summary judgment granted dismissing the fourth and fifth causes of action, with $20 costs and disbursements to appellant.

Botein, P. J., Breitel, M. M. Frank and Valente, JJ., concur.

Order unanimously reversed, on the law, with $20 costs and disbursements to appellant, and motion for summary judgment dismissing the fourth and fifth causes of action granted, with $10 costs.

Settle order.