■ ALFRED K. GREENE, Respondent, v FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER et al., Appellants, et al., Defendant.—Order unanimously affirmed, with costs. Memorandum: Special Term properly denied defendants' motion for summary judgment dismissing plaintiff's first cause of action which seeks a declaration that plaintiff is entitled to commissions for his part in negotiating a lease between defendants and E. F. Hutton & Company, Inc. It is undisputed that plaintiff and defendant Stratford Development Corp., a subsidiary of defendant First Federal Savings and Loan Association of Rochester (First Federal), entered into a written agreement

which made plaintiff the exclusive listing broker for rental of the First Federal Plaza for the period July 1, 1975 to June 30, 1978. It is also conceded that the leasing agreement, which set forth the schedule of commissions, contained a provision barring oral modification. On or about August 1, 1978, the parties extended in writing the terms of the agreement to May 30, 1979. Uncontroverted also is that early in 1980 plaintiff learned that E. F. Hutton was looking for office space; that he showed space available in First Federal Plaza to representatives of E. F. Hutton; that sometime in April 1980 a vice-president of E. F. Hutton called plaintiff regarding the availability of space and was advised by plaintiff's secretary to speak directly with Thomas Borshoff of First Federal; that thereafter the negotiations were conducted without further involvement of plaintiff; and that a lease of space in First Federal Plaza to E. F. Hutton was executed in November-December 1980. By letter dated September 19, 1980, First Federal advised plaintiff that: "[w]e have concluded that it would be most appropriate and mutually beneficial to terminate our relationship at this time. While the Association will, of course, honor its existing contractual obligations to you, it will not in the future undertake any new obligations to you."

Defendants' argument that the suit is barred by the Statute of Frauds (General Obligations Law § 15-301) is unavailing. There is authority recognizing as qualifications to that doctrine both partial performance and equitable estoppel *(Rose v Spa Realty Assoc.,* 42 NY2d 338; *Lusker v Tannen,* 90 AD2d 118; *cf. Bakhshanden v American Cyanamid Co.,* 8 AD2d 35, *affd* 8 NY2d 981). Here there is evidence of continued activities of both parties in compliance with terms of the written agreement after its May 1979 expiration date. Significant are plaintiff's allegations that he continued to receive monthly status reports, that defendants continued to hold out to the public that he was the leasing agent and that he was not notified of termination until the September 1980 letter. Accordingly, a summary resolution without full development of the parties' conduct toward each other and their intent would be inappropriate *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395).

We also find that defendants' reliance on General Obligations Law § 5-701 (a) (1) is similarly misplaced. If either the doctrine of partial performance or the principle of equitable estoppel is found to be applicable, defendants will be bound by the terms of the written agreement *(cf. Gurney, Becker & Bourne v Simon,* 89 AD2d 795). (Appeal from order of Su-

preme Court, Monroe County, Patlow, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Lawton, JJ.